**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 10-30383 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-06057-RHW-1 |
| v. | |
| **DIONCIO VILLANUEVA LABASTIDA, AKA Dionicio Villanueva-Labastida**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted October 12, 2011[**]
Seattle, Washington

Before:   **KOZINSKI**, Chief Judge, **BEEZER** and **PAEZ**, Circuit Judges.

**1.**  The retroactivity principle articulated in <u>INS</u> v. <u>St. Cyr</u>, 533 U.S. 289, 326 (2001), applies only to prior convictions by plea bargain.  <u>See</u> <u>Armendariz-Montoya</u>

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  <u>See</u> Fed. R. App. P. 34(a)(2).

.

v. <u>Sonchik</u>, 291 F.3d 1116, 1121–22 (9th Cir. 2002). Because Labastida's 1989 conviction was by jury trial, denial of relief on account of that conviction did not render his 1992 deportation order "fundamentally unfair." 8 U.S.C. § 1326(d)(3).

2. "[A] criminal conviction cannot be attacked collaterally in a deportation proceeding." <u>Mendez-Alcaraz</u> v. <u>Gonzalez</u>, 464 F.3d 842, 845 n.14 (9th Cir. 2006). Accordingly, Labastida's allegations about his prior criminal proceedings, if true, were not a "plausible ground for relief from deportation," <u>United States</u> v. <u>Ubaldo-Figueroa</u>, 364 F.3d 1042, 1050 (9th Cir. 2004) (internal quotation marks omitted), and so couldn't render his deportation orders fundamentally unfair.

3. "[F]amily ties and responsibilities are not ordinarily relevant in determining whether a departure [from the applicable Guidelines range] may be warranted." U.S.S.G. § 5H1.6. Labastida's adult children living in the United States do not present an exceptional case, so the district judge didn't abuse his discretion in denying a downward departure. <u>See</u> <u>Gall</u> v. <u>United States</u>, 552 U.S. 38, 51 (2007).

**AFFIRMED.**